

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

September 30, 2020

**BY ECF**

Honorable Leda Dunn Wettre
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re: ***SEC v. Ieremenko, et al.***, 19-cv-00505 (MCA) (LDW)

Dear Judge Wettre:

We write on behalf of the Plaintiff U.S. Securities and Exchange Commission ("SEC") to request that the Court modify two aspects of its order regarding mediation, which is scheduled for October 14, 2020.  *See* ECF No. 95.  Specifically, we request leave to appear at and participate in the mediation by videoconference or telephone, and we ask that <u>Associate Director Carolyn Welshhans be permitted to represent the five-member Commission during the mediation</u>.**

**Participation by Video or Telephone**

Like most federal agencies in the Washington, DC metro region, the SEC has responded to the COVID-19 pandemic by curtailing all non-emergency travel and requiring mandatory telework for all SEC staff.  We expect the limits on travel and required telework to continue until at least the end of the calendar year, and the agency has instructed the staff to request leave to participate in Court and other proceedings by remote means whenever possible until normal operations are restored.

Accordingly, we respectfully request leave to attend the mediation by either telephone or videoconference, as the Court prefers.  Should it be helpful to the Court, the SEC staff can provide access to the WebEx videoconferencing platform, which can accommodate multiple, simultaneous videoconference and/or voice-only calls.  The parties to this action have used the WebEx system to successfully conduct depositions, and all of the counsel in this matter are familiar with its operation.

We have discussed this request with Sean Prosser, counsel for Defendant Sungjin Cho and Relief Defendant Kyungja Cho, and Marc Litt, counsel for Defendant Ivan Olefir and Defendant Capyield Systems, Ltd.; both state that they have no objection.

**Participation of Client Representative**

When scheduling the mediation, the Court ordered that "[c]lients with full and immediate settlement authority should be physically present."  *See* ECF No. 95 at ¶ 6.  This requirement presents

a hardship on the SEC, and, consequently, we request that Associate Director Carolyn Welshhans be permitted to appear on behalf of the Commission instead.

The Commission consists of five Commissioners, appointed by the President with the advice and consent of the Senate. *See* 15 U.S.C. § 78d(a). Only the Commissioners may authorize commencement of a securities enforcement action. *See* 15 U.S.C. § 78u(d)(1). And, similarly, only the Commissioners have authority to settle such an action. *See* 17 C.F.R. § 202.5(f). Because of their daily involvement in other Commission business, it simply is not feasible for the five Commissioners to attend dozens of settlement conferences and mediations each year, in cases pending throughout the United States. Under existing law, the Commission is also not permitted to delegate "on-the-spot" settlement authority to a member of its staff. Any settlement proposal must be reviewed (and accepted or rejected) by the entire Commission.

Accordingly, the SEC respectfully requests that this Court permit Carolyn Welshhans, an Associate Director in the SEC's Washington, DC office, to represent the Commissioners at the settlement conference. Ms. Welshhans is the senior officer most knowledgeable about the facts of this case and the SEC's litigation position. If Ms. Welshhans is permitted to attend the upcoming settlement conference, and the parties agree on the terms of one or more proposed settlements at that conference, the SEC staff will promptly submit a formal recommendation to the five-member Commission for its consideration and approval.[1]

We have discussed this request with the defendants' counsel who have, again, stated that they have no objection.

**Ms. Welshhans is permitted to represent the Commission. All client representatives shall be available for the duration of the settlement conference.

Respectfully submitted,

*/s/ Stephan J. Schlegelmilch*

Stephan J. Schlegelmilch

Supervisory Trial Counsel
U.S. Securities and Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, DC 20549
202.551.4935 (office)
SchlegelmilchS@SEC.gov
*Counsel for Plaintiff*

SO ORDERED.

*s/ Leda Dunn Wettre, U.S.M.J.*

**Dated:** ___10/1/2020___

cc:     All Counsel of Record (by ECF)

---

[1] The five-member Commission normally requires the SEC staff to negotiate a proposed settlement, prepare a detailed memorandum for review and comment by the various other Divisions of the Commission, and then present the proposal for consideration at one of the Commission's regular closed meetings – a process that normally requires several weeks.